UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| IN RE: | § | CASE NO. 25-33138 |
| | § | |
| ZHENG HENG ZHENG | § | |
| and | § | |
| YUE XI DONG, | § | CHAPTER 11 |
| | § | |
| DEBTORS. | § | |

**UNITED STATES TRUSTEE'S MOTION TO CONVERT
OR DISMISS CASE WITH PREJUDICE**

**BLR 9013 NOTICE**: **This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.**

**All hearings before Judge Rodriguez will be held on a hybrid basis. Parties may appear either remotely, via video and telephone, or in person unless the Court orders otherwise as authorized by General Order 2021-15. For instructions on electronic participation, please see the court's web page at:** https://www.txs.uscourts.gov/content/united-states-bankruptcy-judge-eduardo-v-rodriguez

**Represented parties should act through their attorney.**

TO THE HONORABLE EDUARDO V. RODRIGUEZ,
CHIEF UNITED STATES BANKRUPTCY JUDGE:

      Kevin M. Epstein, the United States Trustee for the Southern District of Texas, moves for an order converting this case, or in the alternative dismissing this case with prejudice to refiling for 180 days, pursuant to 11 U.S.C. § 1112(b). In support of this Motion, the U.S. Trustee would respectfully show as follows:

**JURISDICTION AND VENUE**

      1.      The Court has jurisdiction to consider this matter under 28 U.S.C. § 1334. This is a core

1

proceeding under 28 U.S.C. § 157(b)(2).

2. The Court has constitutional authority to enter a final order in this matter. If it is determined that the bankruptcy judge does not have the constitutional authority to enter a final order or judgment in this matter, the United States Trustee consents to entry of a final order or judgment by this Court in this matter.

3. Kevin M. Epstein is the duly appointed United States Trustee for Region 7 (the "U.S. Trustee"), which includes the Southern District of Texas, under 28 U.S.C. § 581(a)(7).

4. Pursuant to 11 U.S.C. § 307, the U.S. Trustee has standing to raise, appear and be heard on any issue in a case or proceeding under the Bankruptcy Code.

5. Pursuant to 28 U.S.C. § 586(a)(3), the U.S. Trustee is statutorily obligated to monitor the administration of cases commenced under the Bankruptcy Code, 11 U.S.C. § 101 et seq. Specifically, the U.S. Trustee is charged with several supervisory responsibilities in bankruptcy cases under chapter 11 of the Bankruptcy Code, including monitoring the progress of such cases and taking such actions as the U.S. Trustee deems to be appropriate to prevent undue delay in such progress. 28 U.S.C. § 586(a)(3)(G).

**PROCEDURAL AND FACTUAL BACKGROUND**

6. Zheng Heng Zheng and Yue Xi Dong (the "Debtors") commenced this case on June 2, 2025, (the "Petition Date") by filing a voluntary petition for relief under Chapter 11 of the United States Code, 11 U.S.C. § 101 et seq.

7. The U.S. Trustee scheduled the first meeting of creditors to be held on July 8, 2025. [ECF 9].

8. The Debtors own 100% of Yummy Yummy Mongolian & Sushi Inc which is a restaurant. [ECF 1 at 15].

9. Pursuant to rule 2015.3, the Debtors' report of business operations was due on July 1, 2025.

10. On July 8, 2025, the Debtors appeared at the meeting of creditors and testified. The meeting was continued until August 14 because they failed to file reports of their business activities as required by bankruptcy rule 2015.3, and the business is allegedly the sole source of Debtors' income and is worth at least $400,000. [ECF 1 at 15, 50]

11. On July 10, 2025, the Court held a status conference, was updated about the status of the case, and issued an Order Chapter 11 Status Conference. [July 10 Docket Entry & ECF 23]

12. Among other requirements, the Order Chapter 11 Status Conference required the Debtors to file completed Forms B426 on or before July 24, 2025.

13. As of July 28, 2025, the Debtors failed to file the reports of their business operations as required by the bankruptcy rules and this Court's status conference order.

## ARGUMENT

## CAUSE EXIST TO CONVERT OR DISMISS THIS CASE

14. In relevant part, Section 1112(b) of the Bankruptcy Code provides that on the request of a party in interest, and after notice and a hearing, the court **shall** convert the case to Chapter 7 or dismiss the case, whichever is in the best interest of creditors and of the estate, so long as the movant establishes "cause." See 11 U.S.C. § 1112(b)(1).

15. Section 1112(b)(4) sets forth a list of sixteen grounds that constitute "cause" for conversion or dismissal. See 11 U.S.C. § 1112(b)(4)(A)-(P). This list is not exhaustive, and a case may be dismissed or converted for causes other than those specifically identified in section 1112(b)(4). See *In re Zamora-Quezada*, 622 B.R. 865, 879 (Bankr. S.D. Tex. 2017) (finding that bad-faith is a "cause" for dismissal); *In re Irasel Sand, LLC*, 569 B.R. 433, 439 (Bankr. S.D. Tex. 2017) ("However, this list

is not exhaustive' and courts should 'consider other factors as they arise.'" (citations omitted)).

### A. Cause Exists Under § 1112(b)(4)(E) and (F) to Convert or Dismiss Because the Debtor Has Failed to Comply with a Court Order and the Bankruptcy Rules Related to Entity Reporting.

16. Cause to convert pursuant to § 1112(b)(4)(E) exists if a debtor fails to comply with a single order; a pattern of non-compliance is not required by the statue. *In re Hoyle*, 213 Bankr. LEXIS 420, at *30–31 (Bankr. D. Ida. Jan. 17, 2013) ("Instead, '[t]he statute [§ 1112(b)(4)(E)] is written in the singular; thus failure to comply with a single order is sufficient for cause.'") (quoting *In re Bijelonic*, 2012 U.S. Dist. LEXIS 84130, at *12–13 (C.D. Cal. June 15, 2012)). § 1112(b)(4)(E) does not require a debtor's non-compliance to be willful, in bad faith, or fraudulent. *In re Ford Steel, LLC*, 629 B.R. 871 (S.D. Tex. July 21, 2021)(quoting *In re Babayoff*, 445 B.R. 64, 80 (Bankr. E.D.N.Y. 2011).

17. In this case the Debtors violated the Court's order which required them to:

    a. File a completed Form B426 by July 24, 2025. [ECF 23]

18. A single failure constitutes cause to convert or dismiss 11 U.S.C. § 1112(b)(4)(E). Here, the Debtor's violation involves one of the most crucial elements of the Debtors' financial picture. The Yummy Yummy Mongolian & Sushi restaurant is Debtors' sole source of earned income and comprises a large part of their current net worth and anticipated future net worth. This case simply cannot properly proceed if the Debtors refuse to provide required financial information. The U.S. Trustee submits that cause to convert or dismiss exists because the Debtors violated a court order and failed to timely file required reports.

## CONCLUSION

19.     Based on the foregoing, the U.S. Trustee submits that cause exists under Section 1112(b) to convert the case to Chapter 7 or to dismiss the case with prejudice to refiling for 180 days.

**WHEREFORE**, the U.S. Trustee requests that this Court enter an order under § 1112(b) converting this case to chapter 7[1], or in the alternative, dismissing this case, and for any and all further relief as is equitable and just.

Dated: July 28, 2025,                            Respectfully submitted,

KEVIN M. EPSTEIN
UNITED STATES TRUSTEE
REGION 7, SOUTHERN
DISTRICT OF TEXAS

By:     /s/ C. Ross Travis
         C. Ross Travis
         LA Bar No. 40083
         515 Rusk Street, Suite 3516
         Houston, Texas 77002
         (713) 718-4650
         (713) 718-4670 Fax
         Email: C.Ross.Travis@usdoj.gov

---

[1] Conversion appears preferable to dismissal because the Debtors have nonexempt assets that could be used to pay creditors.

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing was set for service through BNC noticing on the parties listed on the attached mailing matrix by United States Mail, first class, postage prepaid, and by ECF transmission to those entering an electronic appearance, on July 28, 2025.

                                            */s/ C. Ross Travis*
                                            C. Ross Travis

**U.S. First Class Mail**

See attached mailing matrix.

**ECF**
Parties entering an appearance in the case.